```
                       UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
                               AT TACOMA
```

| | |
|---|---|
| MARTIN MARSHALL, | |
| Plaintiff, | CASE NO. C14-5592 RJB-KLS |
| v. | ORDER TO SHOW CAUSE OR TO FILE AMENDED COMPLAINT |
| DALENA OLDFIELD, JOLYNN OLDFIELD, | |
| Defendants. | |

Martin Marshall is presently confined at the Washington Correction Center. In his pro se complaint he alleges that he was wrongfully convicted in Clark County of rape and indecent liberties. He claims that he was not able to testify in his own defense and that the evidence was insufficient to convict him. He seeks to sue the State of Washington for $20 million. He also asks that the Court release him from prison. Dkt. 1. He names only Dalena Oldfield and Jolynn Oldfield as defendants but does not identify these individuals or include any allegations against them.

This complaint is virtually identical to a complaint brought by Mr. Marshall in C14-5346 RBL-KLS. In that case, Mr. Marshall originally filed his complaint as a civil rights case and the Clerk's Office correctly opened the action as a habeas corpus petition pursuant to 28 U.S.C. ¶ 2254.

Because the complaint contains deficiencies, the Court **DECLINES** to serve the complaint but **GRANTS** Mr. Marshall leave to show cause why his complaint should not be dismissed or to file an amended complaint by **September 15, 2014**.

## DISCUSSION

The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) (b)(ii), 1915A(b)(1). To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

**A.     Defendants Dalena Oldfield and JoLynn Oldfield**

Although named as defendants, the complaint is devoid of any allegation against these individuals. In Case No. 14-5346RBL-KLS, these individuals are referred to as the victim and her mother in Mr. Marshall's criminal case. In order to sustain an action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.1981).

Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir.1991). A private individual's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir.2002) (citation omitted). The Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Id.* at 445. Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists. *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). Mr. Marshall's allegations satisfy none of these four tests.

**B.   Challenge to Convictions/Imprisonment**

Mr. Marshall challenges his conviction and seeks monetary damages against the state for his "false imprisonment." However, a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996). The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

1     Mr. Marshall does not allege that his convictions have been invalidated.  Therefore, any

2 challenge to those convictions in this § 1983 case is barred.

3 **CONCLUSION**

4     The Court **DECLINES** to serve the complaint which as discussed above is deficient.

5 The Court realizes Mr. Marshall is proceeding pro se.  Thus rather than simply dismissing the

6 action, the Court grants him permission to file an amended complaint to cure the above-

7 mentioned deficiencies by **September 15, 2014.**  The amended complaint must carry the same

8 case number as this one.  **If no amended complaint is timely filed, the Court will recommend**

9 **dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will**

10 **count as a "strike" under 28 U.S.C. § 1915(g).**  Pursuant to 28 U.S.C. § 1915(g), enacted April

11 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on

12 grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from

13 bringing any other civil action or appeal in forma pauperis "unless the prisoner is under

14 imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

15     **DATED** this <u>15th</u> day of August, 2014.

16

17                                                           Karen L. Strombom

18                                                            United States Magistrate Judge