UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARTIN MARSHALL,

                      Plaintiff,

  v.

DALENA OLDFIELD, JOLYNN OLDFIELD,

                      Defendants.

No. C14-5592 RJB-KLS

**REPORT AND RECOMMENDATION**
**Noted For: September 26, 2014**

      Plaintiff Martin Marshall is presently confined at the Washington Correction Center. In his pro se complaint he alleges that he was wrongfully convicted in Clark County of rape and indecent liberties. He claims that he was not able to testify in his own defense and that the evidence was insufficient to convict him. He seeks to sue the State of Washington for $20 million. He also asks that the Court release him from prison. Dkt. 1. He names only Dalena Oldfield and Jolynn Oldfield as defendants but does not identify these individuals or include any allegations against them.

      Mr. Marshall's complaint is virtually identical to a complaint he brought in C14-5346 RBL-KLS. In that case, Mr. Marshall originally filed his complaint as a civil rights case and the Clerk's Office correctly opened the action as a habeas corpus petition pursuant to 28 U.S.C. ¶ 2254.

      The Court declined to serve Mr. Marshall's complaint and advised him of its deficiencies. The Court also granted Mr. Marshall leave to show cause why his complaint should not be

REPORT AND RECOMMENDATION - 1

dismissed or to file an amended complaint. Dkt. 7. On August 27, 2014, Mr. Marshall filed an amended complaint. Dkt. 8. It suffers from the same deficiencies as his original complaint and it is recommended that this action be dismissed without prejudice and that the dismissal count as a strike under 28 U.S.C. § 1915(g).

## DISCUSSION

**A.     Defendants Dalena Oldfield and JoLynn Oldfield**

Although named as defendants, the complaint is devoid of any allegation against these individuals. In Case No. 14-5346RBL-KLS, these individuals are referred to as the victim and her mother in Mr. Marshall's criminal case. In order to sustain an action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.1981).

Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir.1991). A private individual's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir.2002) (citation omitted). The Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Id*. at 445. Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists. *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). Mr. Marshall's allegations satisfy none

REPORT AND RECOMMENDATION - 2

of these four tests.

**B. Challenge to Convictions/Imprisonment**

Mr. Marshall challenges his conviction and seeks monetary damages against the state for his "false imprisonment." However, a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996). The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Mr. Marshall does not allege that his convictions have been invalidated. Therefore, any challenge to those convictions in this § 1983 case is barred. In addition, a complaint virtually identical to those filed herein is proceeding in this Court as a 28 U.S.C. § 2254 habeas corpus petition. *See* C14-5346 RBL-KLS.

Mr. Marshall was given an opportunity to amend his complaint to cure the noted deficiencies. Based on his response, it is clear that those deficiencies cannot be cured by amendment.

REPORT AND RECOMMENDATION - 3

**CONCLUSION**

This case should be **dismissed without prejudice as frivolous and the dismissal counted as a strike under 28 U.S.C. § 1915(g)**. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 26, 2014,** as noted in the caption.

**DATED** this  8th   day of September, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4